```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


COUNTY OF LOS ANGELES,              )    CV 09-560 SVW (JWJx)
                                    )
                Plaintiff,          )    ORDER GRANTING PLAINTIFF'S
                                    )    MOTION FOR REMAND
          v.                        )    [7] [JS-6]
                                    )
SAHAG-MESROB ARMENIAN CHRISTIAN     )
SCHOOL ET AL,                       )
                                    )
                Defendants.         )
```

**I.   Introduction**

On January 23, 2009, Defendant Sahag-Mesrob Armenian Christian School ("Defendant" or "Sahag-Mesrob") removed this matter to federal court.  Plaintiff, the County of Los Angeles ("Plaintiff" or "County"), now moves the Court to remand the action back to state court. Plaintiff argues that the Court lacks subject matter jurisdiction, and thereby the Court should remand this matter back to state court.  See 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Defendant argues that a federal forum is proper because Plaintiff's claims "arise under" federal law, or in the alternative, that Plaintiff has artfully pled around federal law.  For the following reasons, the Court grants Plaintiff's Motion.

**II.   Facts**

In September 2008, Sahag-Mesrob commenced operation of a school on property located at 183 and 205 East Palm Street, Altadena, in the unincorporated area of the county of Los Angeles (the "Properties"). The school opened prior to securing the required conditional use permit from the County, as required by Los Angeles County Planning and Zoning Code section 22.20.100.  The County's Department of Regional Planning commenced enforcement efforts, but when those failed to halt the allegedly unpermitted use, the County commenced this legal action in state court.

On December 22, 2008, County filed a nuisance abatement action in state court against Sahag-Mesrob to enjoin and prevent unlawful operation and use of the Properties.  The complaint is based on violations of local ordinances.  The Complaint alleges that Sahag-

2

1  Mesrob operates a private school on the Properties without the required
2  conditional use permit and that such use constitutes a public nuisance.
3
4      On December 23, 2008, County filed a noticed motion for
5  preliminary injunction seeking to temporarily enjoin Sahag-Mesrob.
6  Then, on January 23, 2009, Sahag-Mesrob filed a notice of removal to
7  this Court.
8      On January 27, 2009, Sahag-Mesrob filed an Answer and Cross-
9  Complaint primarily basing its defenses and causes of action on
10 violations of the First and Fourteenth Amendments to the United States
11 Constitution, 42 U.S.C. § 1983, and the Religious Land Use and
12 Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.
13 RLUIPA provides:
14     No government shall impose or implement a land use regulation in a
15     manner that imposes a substantial burden on the religious exercise
16     of a person, including a religious assembly or institution, unless
17     the government demonstrates the imposition of the burden on that
18     person, assembly, or an institution-
19     (A) is in furtherance of a compelling governmental interest; and
20     (B) is the least restrictive means of furthering that compelling
21     governmental interest.
22 42 U.S.C. § 2000cc(a)(1).  Here, Defendant is arguing that Plaintiff
23 imposed the zoning violations without abiding by RLUIPA.
24 ///
25 ///
26 ///
27 **III. Analysis**
28

3

### A. Legal Standard

The Ninth Circuit has a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Further, the defendant has the burden of establishing that removal is proper. Id.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (internal quotation marks omitted). Under the "well-pleaded complaint" rule, the Court looks to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 841 (1989).

An exception to the well-pleaded complaint rule is that "[a]n action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 769 (9th Cir. 1986) (citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983)). To establish arising under jurisdiction, the complaint must "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities." Grable v. Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

Here, Plaintiff's Complaint only raises an issue of state law, specifically zoning violations. As such, Plaintiff argues that no federal question is presented on the face of the complaint, and federal jurisdiction does not apply. Defendant, however, argues that federal jurisdiction applies because the matter raises a substantial and disputed question of federal law under RLUIPA. In the alternative, Defendant argues that Plaintiff is concealing the true nature of its complaint through artful pleading.

**B.   "Arises Under" Jurisdiction**

Defendant argues that this matter qualifies as "arising under" jurisdiction because deciding whether Defendant is liable for violating zoning regulations will ultimately depend on a court deciding whether or not Plaintiff abided by RLUIPA. However, RLUIPA is Defendant's defense to Plaintiff's claim for zoning violations, not the basis for Plaintiff's claims. "Arising under" jurisdiction does not attach to a defense that raises federal issues. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." (emphasis in original)).

Here, Plaintiff's claim rests on county zoning ordinances. Only Defendant's defense is based on federal law. As such, this matter does not "arise under" federal jurisdiction.

### B. Artful Pleading

"The artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003)(internal quotation marks omitted).

Here, Defendant argues that Plaintiff artfully plead around RLUIPA by only claiming violations of state zoning regulations. Defendant, however, is confusing its claim with that of Plaintiff. Plaintiff has a claim for the zoning violations. It is Defendant who is arguing that Plaintiff is in violation of RLUIPA. As such, Plaintiff's complaint is not artfully plead.

## IV. Conclusion

For the above reasons, Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

DATED:   3/18/09

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE